MARK ANTHONY ADELL,

        Plaintiff,

    v.                                                       Case No. 20-C-1617

JANE DOE and
JOHN DOE,

        Defendants.

## DECISION AND ORDER

Plaintiff Mark Anthony Adell is a prisoner confined at the Waupun Correctional Institution who is representing himself in this 42 U.S.C. §1983 case. On December 22, 2020, the Court granted Adell's motion to proceed *in forma pauperis* and screened his complaint. Dkt. No. 9. A few weeks later, on January 12, 2021, Randall Hepp[1] filed a motion to stay and dismiss. Dkt. No. 12. He asserts that Adell has "struck out" under 28 U.S.C. §1915(g), so he may not proceed *in forma pauperis*. Hepp argues that Adell must prepay the full filing fee before he may proceed with this case. The Court agrees that, pursuant to §1915(g), Adell is barred from proceeding *in forma pauperis* unless he can show that he is under imminent danger of serious physical injury. Because Adell fails to make that showing, the Court will revoke Adell's *in forma pauperis* status and require that he pay the $402 filing fee if he wishes to proceed with this case.

---

[1] Adell does not know Defendants' names, so he sued them as John Doe and Jane Doe. The Court named Randall Hepp as a defendant for the limited purpose of helping Adell learn the Defendants' names.

The Prison Litigation Reform Act (PLRA) applies to this case because Adell was a prisoner when he filed his complaint. Under the PLRA, a prisoner who has had three or more cases dismissed on the grounds that a case is frivolous, malicious, or fails to state a claim upon which relief may be granted, may not proceed *in forma pauperis* unless the prisoner demonstrates that he is under imminent danger of serious physical injury. 28 U.S.C. §1915(g). A case dismissed on one of the three grounds specified in §1915(g) counts as a strike, whether or not the dismissal is with prejudice. *Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011). The Seventh Circuit has clarified that plaintiffs are entitled to take "previous dismissals at face value," so "classifying a dismissal as a strike depends on the grounds given for it." *Id.* at 706.

Hepp highlights three cases that he says were dismissed based on one of the grounds specified in §1915(g). In case number 95-C-363, then-Chief District Judge Terence Evans dismissed Adell's complaint at screening because it was frivolous. Dkt. No. 13-1. The Court has reviewed Judge Evans' decision and agrees that Adell incurred a strike for that dismissal. Next, in case number 12-C-452, District Judge William Conley in the Western District dismissed Adell's complaint at screening based on his failure to state a claim upon which relief can be granted. Dkt. No. 13-2. Having reviewed Judge Conley's decision, the Court agrees that Adell incurred a strike for that dismissal as well.

Finally, Hepp argues that Adell incurred a strike for the dismissal of case number 19-C-578, which this Court dismissed when it granted Defendants' Rule 12(c) motion for judgment on the pleadings. At screening, the Court allowed Adell to proceed on claims under the Americans with Disabilities Act (ADA) and the Rehabilitation Act based on his allegations that he was denied requests for placement in a single cell. Case No. 19-C-578, Dkt. No. 9 at 9. Defendant filed a motion for judgment on the pleadings, arguing that it was immune from suit under the Eleventh

Amendment and that Adell failed to state a claim under both the ADA and the Rehabilitation Act. *Id.*, Dkt. No. 18 at 3-5.

The Court granted Defendant's motion and dismissed the case; however, dismissal on its own is insufficient to determine whether Adell incurred a strike. To make that assessment, the Court must look to the stated grounds for the dismissal. In addressing the ADA claim, the Court first determined that Defendant was immune from Adell's ADA claim. Case No. 19-C-578, Dkt. No. 28 at 3-4. The Court went on to determine that Adell failed to state a claim under the Rehabilitation Act. *Id.* at 4-5. In the course of doing so, the Court noted in a footnote that "[t]he standards for a claim under the ADA and the Rehabilitation Act are nearly identical, and the relief available under each is coextensive." *Id.* at 4, n. 3; 4-5. The Court further explained that, "[b]ecause the relief and analysis under either statute is the same, courts often analyze only the Rehabilitation Act claim . . . ." *Id.*

The Court concludes that, with that explanation, Adell was sufficiently on notice that he failed to state a claim under both the ADA and the Rehabilitation Act. In fact, just over a week later, in explaining the basis for its dismissal, the Court stated that, for Adell to proceed with his case, he "needed to present facts showing that Defendant discriminated against him or denied him access to a program or activity available to other, non-disabled prisoners. He failed to [allege] those facts, and what he did allege otherwise failed to state a claim." Case No. 19-C-578, Dkt. No. 31.

Because Adell has had at least three prior actions dismissed for being frivolous or for failing to state a claim and because he has not shown that he is in imminent danger of serious physical injury, he may not proceed in this case without first paying the full filing fee. While the Court will not immediately dismiss this case as Hepp requests, it will revoke Adell's *in forma*

3

*pauperis* status and require him to pay the full filing fee by **February 12, 2021**. If he fails to do so, the Court will dismiss this case.

One final note, the Court observes that when Adell filed this case, he completed the Court's form entitled "Prisoner Request to Proceed in District Court without Prepaying the Full Filing Fee." Dkt. No. 2. Page three of the form instructs the prisoner plaintiff to list "each federal lawsuit that you recall having filed." *Id.* In response to that prompt, Adell listed four cases: 19-C-438, 19-C-868, 19-C-476, and 19-C-336, all filed in the Eastern District. According to Court records, this is far from a complete list of the federal cases Adell has filed. In addition to those four cases, Adell has also filed 19-C-578, 14-C-1277, 17-C-267, 17-C-448, 17-C-1434, 95-C-363, and 99-C-298 in the Eastern District as well as 07-C-319, 12-C-452, and 17-C-877 in the Western District. Nothing suggests that Adell intentionally omitted these cases when he moved to proceed without prepaying the filing fee. However, the Court cautions Adell that, should he initiate a new case in this district or in the Western District, any motion he files to proceed without prepaying the filing fee must disclose *all* his prior federal cases and must disclose that he has struck out. *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) ("A litigant who knows that he has accumulated three or more frivolous suits or appeals must alert the court to that fact.").

**IT IS THEREFORE ORDERED** that Hepp's motion to stay and dismiss (Dkt. No. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court's decision granting Adell's motion to proceed without prepaying the filing fee is **VACATED**.

**IT IS FURTHER ORDERED** that Adell's motion to proceed without prepaying the filing fee (Dkt. No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that, if Adell wants to proceed with this case, he must pay the $402 filing fee by **February 12, 2021**. If Adell fails to pay the filing fee by the deadline, the Court will dismiss this case without prejudice.

Dated at Green Bay, Wisconsin this 1st day of February, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
